UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JILL PREFONTAINE and KEVIN PREFONTAINE, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) )   Cause No. 1:16-cv-0091 TWP-DML ) |
| ROXANNA GREEN, | ) ) |
| Defendant. | ) |

PLAINTIFFS' BRIEF IN SUPPORT OF THEIR
REQUEST TO DENY DEFENDANT'S 12b(2)(3)(5)(6) MOTION

INTRODUCTION

The Plaintiffs', Jill and Kevin Prefontaine, (hereinafter collectively the "Prefontaines" or "Kevin" individually and "Jill" individually) by their counsel, Kent Emswiller, respectfully submit their Response and Request that the Defendant, Roxanna Green, (hereinafter "Roxanna") receive no relief from any of her requests made in her previously filed Motion to Dismiss or Transfer Venue.

The Defendant requested that this case be dismissed because:

(i) Indiana courts lack *in personam* jurisdiction over Roxanna;

(ii) The Prefontaines have failed to state a valid legal claim upon which relief can be granted;

(iii) The Prefontaines failed to validly serve their Complaint upon Roxanna;

(iv) The Prefontaines' use of Indiana as a forum to litigate this matter is in direct violation of a mandatory forum selection clause agreed to by the parties;

(v) In the alternative, if the Court does not dismiss Plaintiffs' claim, it should transfer the case to the Northern District of Georgia.

What is lost in Roxanna's Motion, Memorandum and Designation of Evidence is that this is a collection case; pure and simple. At its heart, a breach of contract, but at the end of the day, a collection case. Eighteen pages of Memorandum and scores of citations will not change this matter to a case about securities law.

## STATEMENT OF FACT

Plaintiffs' facts differ greatly from Defendant's version, as could be expected. This lawsuit grew out of Plaintiffs' promise not to file any lawsuit that might possibly allege Defendant is a con artist, a scammer or an operator of a Ponzi scheme, and Defendant agreeing to pay the Plaintiffs Eighty-seven Thousand Five Hundred Dollars ($87,500.00) for not doing so. Plaintiffs have performed their end of the bargain but Defendant is in breach of her agreement by not paying anything to the Plaintiffs.

The *res gestae* of this case started in August of 2013. Roxanna, and her roommate, Amanda Noble (hereinafter "Amanda"), went into Kevin's place of business, Family Leisure, Inc., located on Pendleton Pike, in Indianapolis, Indiana. Roxanna and Amanda purchased patio furniture for their home. At the time, Roxanna was residing at 5545 W. Highland Hills Drive, in Edinburgh, Indiana. In September, 2013, Roxanna and Amanda had a meeting with Kevin and informed him that they owned a company called Nobility Enterprises, Inc., which specialized in landscaping, fence installation and in-ground pool construction. They solicited Family Leisure's in-ground pool construction business. In April, 2014, Roxanna and Amanda installed an in-ground pool display at the Family Leisure store on Pendleton Pike to promote pool sales to customers. Over that summer, Roxanna and Amanda installed seven (7) pools for Family Leisure. The construction of the display model and the additional seven (7) pools all took numerous phone calls and in-person meetings

between Roxanna and Kevin, and Roxanna, Amanda and Kevin.

The first customer pool construction was located at a home near 38th street and Fall Creek Rd., in Indianapolis. Being the first pool constructed at a customer's residence by Nobility Enterprises, there were numerous complications and problems. Kevin, Roxanna and Amanda met regularly at a restaurant near the customer's residence to work out the construction problems.

It was at such a meeting in 2014 that Roxanna offered to sell to Kevin shares of stock in a company called Hollywall Entertainment, Inc. He and his wife, Jill, accepted and soon thereafter, the transaction was completed for a total of Eighty-seven Thousand Five Hundred Dollars ($87,500.00).

Sometime thereafter, Kevin and Jill discovered via the internet and other Indiana residents, that Roxanna had sold shares of Hollywall to, that this stock deal was not what they believed it to be. Hollywall Entertainment, Inc. was at best a penny stock, and at worst, a sham and a con.

Kevin and Jill told Roxanna that they would not bring suit for fraud, misrepresentation or under any other securities fraud theory, if Roxanna would pay them the Eighty-seven Thousand Five Hundred Dollars ($87,500.00). Roxanna agreed to pay the Plaintiffs their money but did not make, nor has made, any payments to the Prefontaines. Several emails from Roxanna to the Prefontaines explain the non-payment or stall for extra time, confirming the parties' oral deal. Roxanna admits to the oral agreement in her emails. Finally, after a year of excuses and non-payment, the Plaintiffs filed this cause of action. This matter is simply a contract action seeking damages due to Defendant's non-performance; a collections case.

LAW

The basic elements of a common law contract in Indiana are: offer, acceptance, consideration and a meeting of the minds of the contracting parties. *Conwell v. Gray Loon Outdoor Marketing Group, Inc.* 906 N.E2d 805 (Ind. 2009).

> "Forbearance to sue upon any legal demand is a valuable consideration for a promise either by the party liable or by a third party." *Gregory v. Arms* 48 Ind. App 562 (1911), 96 N.E. 196.

> "Consideration is something of value (such as an act, a forbearance, or a return promise) received by a promisor from a promisee." *Reinhart v. Boeck* 918 N.E.2d 382 (2009).

Finally, to be valid and enforceable, a contract must be reasonably definite and certain. All that is required to render a contract enforceable is reasonable certainty in the terms and conditions of the promises made, including by whom and to whom; absolute certainty in all terms is not required. Only essential terms need be included to render a contract enforceable. *Conwell v. Gray Loon Outdoor Marketing Group, Inc.* 906 N.E.2d 805 (2009).

ARGUMENT

Do these elements of offer, acceptance, consideration and a meeting of the minds exist between the Plaintiffs and Defendant? Of course they do.

Having been caught in a fraudulent scam, the Defendant jumped at the Plaintiffs' terms not to sue her if she paid them an amount equal to Eighty-seven Thousand Five Hundred Dollars ($87,500.00). The consideration by the Plaintiffs has been fully performed; they did not file suit against Roxanna; however, Roxanna broke her side of the contract by never paying any of the Eighty-seven Thousand Five Hundred Dollars ($87,500.00). The subject of this lawsuit is that contract, and that contract only.

Given the set of facts above, almost all the grounds for Defendant's Motion to Dismiss for lack of stating a claim upon which relief can be granted, melt away.

Roxanna had significant Indiana contacts. She lived here, worked here, established residency here, bought furniture at an Indianapolis store and lured the Plaintiffs into purchasing phoney stock shares at a meeting in Indianapolis. Caught in her scam, Defendant agreed to pay the Plaintiffs the Eighty-seven Thousand Five Hundred Dollars ($87,500.00) if they agreed not to file suit against her in Indiana, and the Plaintiffs carried out their side of the agreement, all in Indiana.

Defendant resided with Amanda Noble at 5545 W. Highland Hills Dr., Edinburgh, IN 46124. Service was had at that address. Since Roxanna lived there, "Charles H." knew where to find her to let her know she had been sued. She clearly got the Notice, as she hired lawyers in Indiana and New York to defend her.

## CONCLUSION

This collection suit is based on facts created and persons present in Indiana. It is based on a contract made in Indiana and in Indiana, Plaintiffs fulfilled their promise. Defendant broke her promise in Indiana.

The averments plead in Plaintiffs', Kevin and Jill Prefontaines', Complaint set forth and constitute notice to Defendant, Roxanna Green, as to the basis of Plaintiffs' Complaint against her. It is sufficient, and Defendant's 12 b(2)(3)(5)(6) Motions should be denied. Defendant's Motion to Transfer Venue to Georgia should be denied as the events and facts of this lawsuit occurred in Indiana.

        EMSWILLER, WILLIAMS, NOLAND & CLARKE, P.C.

By: /Kent Emswiller
Kent Emswiller, (6709-49) Counsel for Plaintiffs

Certificate of Service

I hereby certify that a copy of the foregoing has been served upon the following via First Class, United States Mail, postage prepaid this 27day of January, 2016:

Scott Milkey  
Cynthia Bedrick  
McNeeley Stephenson  
2150 Intelliplex Dr. Ste. 100  
Shelbyville, IN 46176

Simon Kogan  
171 Wellington Court, Ste. 1J  
Staten Island, NY 10314

/Kent Emswiller

Kent Emswiller (6709-49)

Prepared by:

Kent Emswiller  
Emswiller, Williams, Noland & Clarke, P.C.  
8500 Keystone Crossing, Ste. 500  
Indianapolis, IN 46240