UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KEVIN PREFONTAINE and | ) | |
| JILL PREFONTAINE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-00091-TWP-DML |
| | ) | |
| ROXANNA GREEN, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE**

This matter is before the Court on the Motion to Dismiss or Transfer Venue (Filing No. 8), filed by Defendant Roxanna Green ("Green"). The dispute in this matter surrounds the Plaintiffs Jill Prefontaine and Kevin Prefontaine's ("the Prefontaines") allegations of breach of contract based on Green's failure to pay the Prefontaines the sum of $87,500.00 in exchange for the Prefontaines not suing Green over a disputed sale of stock. (Filing No. 12 at 2.) On October 1, 2015 the Prefontaines filed a Complaint against Green in the Shelby Circuit Court, Shelby County, Indiana, and on January 11, 2016, Green filed a Notice of Removal. (Filing No. 1.) Green argues that this Court lacks personal jurisdiction over her; that Georgia is the proper forum based on a mandatory forum selection clause in the stock agreement; that the Prefontaines failed to validly serve their Complaint; and that the Prefontaines failed to state a valid legal claim. Additionally, and in the alternative, Green asserts that this matter should be transferred to the Northern District of Georgia for the purpose of convenience.

Also pending before the Court is a Motion to Strike Plaintiffs' Sur-reply Brief. (Filing No. 17.) Because the Prefontaines did not request leave to file the sur-reply, nor did they show good

cause for the sur-reply, Green's Motion to Strike is **GRANTED**. However, for the reasons stated below, Green's Motion to Dismiss or Transfer Venue is **DENIED**.

## I. BACKGROUND

The facts of this case are highly contested by both sides. The following facts, taken from the Prefontaines' Complaint are accepted as true solely for purposes of the motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). Moreover, additional facts presented in the Prefontaines' briefs rather than in the Complaint, are addressed in detail to assist with evaluating the Fed. R. Civ. P. 12(b)(2) personal jurisdiction motion and Fed. R. Civ. P. 12(b)(3) venue arguments raised by Green. Where there are factual disputes, the Court has citied the opposing materials.

In August 2013, Green and Amanda Noble ("Noble") purchased patio furniture from the Prefontaines' place of business, Family Leisure, Inc., located on Pendleton Pike, in Indianapolis, Indiana. (Filing No. 12 at 2.) The Prefontaines allege that, at that time, Green resided at 5545 W. Highland Hills Drive, in Edinburgh, Indiana. (*Id.*) However, Green denies ever residing at this address. (Filing No. 9 at 3.)

In September 2013, Green and Noble solicited the Prefontaines for their landscaping and in-ground pool construction business, Nobility Enterprises, Inc. (Filing No. 12 at 2.) As a result of that meeting, in April 2014, Green and Noble installed an in-ground pool display at the Prefontaines' Family Leisure store. (*Id.*) During the summer of 2014, Green and Noble installed seven pools for Family Leisure, Inc., a process that required several meetings and telephone calls between Green and the Prefontaines. (*Id.*)

2

In 2014, at one of the meetings between Green and the Prefontaines, Green offered to sell stocks of her company, Hollywall Entertainment, Inc., to the Prefontaines. (*Id.*) On July 11, 2014, the Prefontaines and Green entered into a stock agreement to purchase 25,000 shares of Hollywall Entertainment, Inc. for $87,500.00. ([Filing No. 9 at 2](#).) However, the Prefontaines soon learned that the Hollywall stock was trading at one cent per share and not at the $3.50 per share they had paid Green. (*Id.*)

The Prefontaines demanded their investment back in full and, in return, they promised Green that they would not file suit for fraud, misrepresentation, or any related securities fraud claim. ([Filing No. 12 at 3](#).) According to the Prefontaines, Green agreed to return the $87,500.00 in exchange for their agreement not to file suit against her. (*Id.*) However, Green did not pay the Prefontaines the $87,500.00 that was promised, causing the Prefontaines to bring suit for breach of contract.

## II. DISCUSSION

**A.     Personal Jurisdiction**

Green first argues that this Court lacks personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). ([Filing No. 9 at 3](#).) Fed. R. Civ. P. 12(b)(2) requires dismissal of a claim where personal jurisdiction is lacking. When a defendant moves to dismiss under Rule 12(b)(2), the plaintiff bears the burden of demonstrating the existence of jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003); *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997); *Wine & Canvas Dev., LLC v. Weisser*, 886 F. Supp. 2d 930, 937 (S.D. Ind. 2012) (J. Pratt).

When the court determines personal jurisdiction based only on reference to submissions of written materials, rather than based on evidence submitted at a hearing, a plaintiff simply needs to

3

make a *prima facie* case of personal jurisdiction. *Purdue Research Found.*, 338 F.3d at 782; *Wine & Canvas Dev., LLC*, 886 F. Supp. 2d at 937. In determining whether the plaintiff has met the *prima facie* standard, the plaintiff is entitled to a favorable resolution of all disputed relevant facts. *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 423-24 (7th Cir. 2010); *Wine & Canvas Dev., LLC*, 886 F. Supp. 2d at 938. The court may consider affidavits and all other documentary evidence that have been filed, and any conflicts must be resolved in favor of the plaintiff as the non-moving party. *Int'l Med. Grp., Inc. v. Am. Arbitration Ass'n*, 149 F. Supp. 2d 615, 623 (S.D. Ind. 2001).

A federal court's personal jurisdiction over a defendant in a diversity case is established when the defendant is subject to the jurisdiction of a court of general jurisdiction in the state where the court is located. Fed. R. Civ. P. 4(k)(1)(A); *NEXTT Sols., LLC v. XOS Techs., Inc.*, 71 F. Supp. 3d 857, 860 (N.D. Ind. 2014). Therefore, a district court must undertake and satisfy a two-step analysis in order to properly exercise personal jurisdiction over a non-resident defendant. *Wine & Canvas Dev., LLC*, 886 F. Supp. 2d at 938. First, the exercise of personal jurisdiction must comport with the state's long-arm statute; second, the exercise must comport with the due process clause of the Constitution. *Purdue Research Found.*, 338 F.3d at 779. Because Indiana's long-arm statute, Indiana Trial Rule 4.4(A), reduces the analysis of personal jurisdiction to the issue of whether the exercise of personal jurisdiction is consistent with the federal due process clause, the Court only needs to consider the second step of the analysis. *NEXTT Sols., LLC*, 71 F. Supp. 3d at 860; *LinkAmerica Corp. v. Albert*, 857 N.E.2d 961, 967 (Ind. 2006).

Due process requires that a defendant have "certain minimum contacts with [the forum State] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *RAR, Inc.*, 107 F.3d

4

at 1276. These minimum contacts must have a basis in "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). Such purposeful availment is required to ensure that defendants may reasonably anticipate what conduct will subject them to the jurisdiction of a foreign sovereign. *Burger King*, 471 U.S. at 474.

Personal jurisdiction may be either specific or general. *Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239, 1244 (7th Cir. 1990). Specific jurisdiction exists for controversies that arise out of or are related to the defendant's forum contacts. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984); *RAR, Inc.*, 107 F.3d at 1277; *Wine & Canvas Dev., LLC*, 886 F. Supp. 2d at 939. In contrast, general jurisdiction exists for controversies neither arising out of nor related to the defendant's forum contacts, and it is permitted only where the defendant has "continuous and systematic" general business contacts with the forum. *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 415-16; *RAR, Inc.*, 107 F.3d at 1277.

Green argues that the Court does not have personal jurisdiction over her and, therefore, should dismiss the lawsuit. Specifically, Green alleges that at all times relevant to this litigation, she was a resident of either Florida or Georgia, and therefore does not have the requisite minimum contacts to justify personal jurisdiction. (Filing No. 9 at 4.)

The Prefontaines argue that this Court has jurisdiction because Green has significant Indiana contacts. (Filing No. 12 at 5.) Specifically, the Prefontaines allege that Green resided in Indiana, worked in Indiana, bought furniture from the Prefontaines for her residence in Indiana, and lured the Prefontaines to purchase stock shares in Indiana. (*Id.*) Further, the Prefontaines allege that after being confronted about the legitimacy of the stock shares that were purchased,

5

Green agreed to pay them $87,500.00 if they agreed not to file suit, via a series of emails that she sent to the Prefontaines in Indiana. (*Id.* at 3.) Green responds that there is a factual dispute regarding whether she actually resided in Indiana. However, resolving that issue is not necessary to determine whether this Court has specific jurisdiction over Green.

Specific jurisdiction is proper when the controversy arises or is related to the contacts with the forum state that the defendant has purposely engaged in. *See Helicopteros Nacionales de Colombia, S.A*, 466 U.S. at 414 n.8. The Court notes that merely contracting with an out of state party will not automatically establish sufficient minimum contacts for jurisdiction in the other party's home forum. *See Burger King Corp.*, 471 U.S. at 478. Instead, the Seventh Circuit has stated that in order for a defendant to be submitted to the personal jurisdiction of a forum he or she must have exploited or targeted the forum purposefully. *See Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 802 (7th Cir. 2014). Further, this Court has stated that minimum contacts for purposes of specific jurisdiction are met when the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in the state, and the alleged injury arises out of the defendant's forum-related activities. *See O'Neal v. Bumbo Intern. Trust*, 16 F. Supp. 3d. 952, 954 (S.D. Ind. Apr. 14 2014.)

Green argues that she has not purposefully availed herself of the privilege to conduct business in Indiana. ([Filing No. 9 at 4](#).) In support of her claim, Green states that during the negotiation of the stock agreement between her and the Prefontaines, she resided in either Georgia or Florida and she contends that the stock agreement mandated that any correspondence should be sent to her Georgia address. (*Id.*) She also argues that, pursuant to the stock agreement, any dispute would be governed under Georgia law. (*Id.*)

Green's arguments are well taken, however, the Court is not persuaded. Regardless of where Green actually resided, she purposefully availed herself to the privileges of doing business in Indiana. For instance, Green actively sought to do business with the Prefontaines when she entered into the pool-installation business with them in Indiana. That relationship led to Green's subsequent offer to sell stock to the Prefontaines in Hollywall Entertainment, Inc., as well as the execution of the stock agreement, both of which allegedly took place in Indiana. ([Filing No. 12 at 3](), 5; [Filing No. 13-1 at 3-5]().)

Further, Green's arguments in regard to the stock agreement are not particularly relevant because the Prefontaines are not suing for a breach of the stock agreement. Instead, the Prefontaines have made it clear that they are suing for a breach of contract related to Green's promise to repay the $87,500.00 in exchange for them not filing a lawsuit against her for fraud and misrepresentation. ([Filing No. 12 at 3](); [Filing No. 13-1 at 3-5]().) Green made those promises via email to the Prefontaines who were residing in Indiana, and the damages from Green's alleged breach of that agreement was felt by the Prefontaines in Indiana. ([Filing No. 13-1 at 3-5]().) Accordingly, the Court finds that the breach of contract suit arose directly from the purposeful contacts that Green herself initiated with Indiana.

In addition, the exercise of jurisdiction over Green does not offend traditional notions of fair play and substantial justice. When considering whether the exercise of jurisdiction offends traditional notions of fair play and substantial justice, courts considers the following factors: "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Burger King*, 471 U.S. at 477.

Indiana has a strong interest in providing a forum for its residents to seek redress for breach of contracts suffered within the state and breached by out-of-state actors. This is especially important when, as in the immediate case, the breach of contract arose out of the purposeful contacts that the out-of-state actor engaged in Indiana. In addition, the Prefontaines have a convenience and perhaps monetary interest to bring this action in Indiana. While Green will be somewhat burdened by having to litigate in Indiana, there is no suggestion that her hardship will be any greater than that routinely tolerated by courts exercising specific jurisdiction against non-residents. *See Comm. Agents, Inc. v. Long*, 143 F. Supp. 3d 775, 795 (S.D. Ind. Oct. 29 2015).

Accordingly, since the alleged breach of contract was purposefully directed at Indiana, the Prefontaines' injuries arose out of Green's sufficient minimum contacts with Indiana; and exercising personal jurisdiction over Green does not offend traditional notions of fair play and substantial justice, the Court concludes that it has specific personal jurisdiction over Green. Consequently, Green's Fed. R. Civ. P. 12(b)(2) motion is **denied**.

**B.    Venue**

Green argues that that venue is not proper because the stock agreement entered into by the parties included a forum selection clause. ([Filing No. 9 at 13](#).) Therefore, Green also seeks dismissal because of improper venue pursuant to Fed. R. Civ. P. 12(b)(3). As with Green's personal jurisdiction argument, however, the Court respectfully disagrees.

A motion seeking dismissal based on a forum selection clause is properly treated as an objection to venue and is properly raised under Fed. R. Civ. P. 12(b)(3). *See Muzumdar v. Wellness Int'l Network, Ltd.*, 438 F.3d 759, 760 (7th Cir. 2006). The Seventh Circuit has held that the plaintiff bears the burden of establishing that venue is proper. *Carroll v. CMH Homes, Inc.*, 4:12-CV-23-SEB-WGH, 2013 WL 960408, *2 (S.D. Ind. Mar. 12, 2013). When deciding a Rule

12(b)(3) motion to dismiss, the court accepts the complaint's allegations as true unless contradicted by the defendant's affidavits. *Nagel v. ADM Inv'r Servs., Inc.*, 995 F. Supp. 837, 843 (N.D. Ill. 1998). Further, the court resolves any factual conflicts in the plaintiff's favor. *Carroll*, 2013 WL 960408 at *2. Finally, the court is not obligated to limit its consideration to the pleadings when deciding a motion to dismiss under Rule 12(b)(3). *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 809-10 (7th Cir. 2011).

Green argues that the Complaint must be dismissed under Fed. R. Civ. P. 12(b)(3) pursuant to the stock agreement's forum clause. The relevant language of that clause states as follows:

> This Agreement, and all transactions contemplated hereby, shall be governed by, construed and enforced in accordance with the laws of the State of Georgia. The parties herein waive trial by jury and agree to submit to the personal jurisdiction and venue of a court of subject matter jurisdiction located in Atlanta Georgia.

(Filing No. 9 at 14). Green states that the Complaint brought against her is an attempt to obtain a refund pursuant to the stock agreement. However, the Prefontaines' argue persuasively otherwise.

In particular, the Court reiterates that the Prefontaines' breach of contract claim seeks to enforce Green's promise to refund the $87,500.00 to avoid a suit for fraud against her. (See Filing No. 1-1 at 4-5.) Importantly, the Prefontaines' claim does not seek to enforce the stock agreement. (*Id.*) Thus, because the stock agreement is not controlling, Green's Fed. R. Civ. P. 12(b)(3) motion is also **denied**.

C.   **Service**

Green next argues that the Complaint should be dismissed due to lack of sufficient service pursuant to Fed. R. Civ. P. 12(b)(5). (Filing No. 9 at 12.) In support of her argument, Green alleges that the Prefontaines attempted to serve her at a place where she was not a resident and where she had not authorized an agent to receive service of process on her behalf. (*Id.*) The Court finds that the Prefontaines satisfied the burden of providing adequate service of process.

9

It is the plaintiff's burden to demonstrate that the district court has jurisdiction over each defendant through effective service. *See Cardenas v. City of Chi.*, 646 F.3d 1001, 1005 (7th Cir. 2011). However, the court also views the facts in the most favorable light for the non-moving party. *Auld v. Ripco, Ltd.*, 3:16-cv-00063-RLY-MPB, 2016 WL 3615715, *2 (S.D. Ind. July 6, 2016); *Kimbrell v. Brown*, No. 09-cv-511-JPG, 2009 WL 5064384, *1 (S.D. Ill. Dec. 17, 2009).

Pursuant to Fed. R. Civ. P. 4(e), service is sufficient if it is achieved by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:
  (A) delivering a copy of the summons and of the complaint to the individual personally;
  (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
  (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Green cites Ind. Trial R. 4.1(A) in support of her argument for insufficient service. (Filing No. 9 at 12.) Rule 4.1(A) states that service may be made upon an individual or an individual acting in a representative capacity by:

(1) sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgment of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter; or

(2) delivering a copy of the summons and complaint to him personally; or

(3) leaving a copy of the summons and complaint at his dwelling house or usual place of abode; or

(4) serving his agent as provided by rule, statute or valid agreement.

Ind. Trial R. 4.1(A).

Green notes that the summons was delivered to 5545 W. Highland Hills Dr., Edinburg, Indiana 46124, and contends that was never her residence. (Filing No. 9 at 12.) In response, the

Prefontaines dispute Green's assertion, noting that Green and Noble purchased furniture for the residence in question from the Prefontaines. (Filing No. 12 at 2.) Indeed, that is how the Prefontaines allege their relationship with Green began. (*Id*.)

As mentioned earlier, factual disputes for the purpose of a Rule 12(b)(5) challenge must favor the non-moving party. *See Auld*, 2016 WL 3615715 at *2; *Kimbrell*, 2009 WL 5064384 at *1. Therefore, assuming the Prefontaines' version of facts, the Court concludes that the Prefontaines have shown that the service at the address in question was sufficient.

Green also argues that service was insufficient because the person named "Charles H.", who received the service and informed Green, was not authorized to receive service on her behalf. (Filing No. 9 at 13.) However, Ind. Trial R. 4.1(A)(1) states that service through registered or certified mail to Green's place of residence or business is sufficient. In addition, the same rule permits service by leaving a copy of the summons and complaint at Green's dwelling house or usual place of abode. (*Id*.) Similarly, Fed. R. Civ. P. 4(e)(2)(A) permits service by leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there.

Service of process by the Prefontaines was proper under both the Federal Rules of Civil Procedure and the Indiana Trial Rules. Thus, Green's motion to dismiss for improper service under Fed. R. Civ. P. 12(b)(5) is also denied.

**D.** **Plausibly Pled Claim for Relief**

Finally, Green argues that the Complaint should be dismissed because the Prefontaines have not stated a valid claim pursuant to Fed. R. Civ. P. 12(b)(6). (Filing No. 9 at 7.) As with Green's other arguments for dismissal, the Court is not persuaded by this argument and, instead,

concludes that the Prefontaines have sufficiently demonstrated enough factual background to survive Green's Rule 12(b)(6) motion.

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal if the complaint fails to set forth a claim upon which relief can be granted. "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Accordingly, when analyzing a Rule 12(b)(6) motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff, accepts all factual allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

At a minimum, the complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests; and the factual allegations must raise a right to relief above the speculative level. *See Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009); *Tamayo*, 526 F.3d at 1081, 1083. While a complaint need not include detailed factual allegations, a plaintiff has the obligation to provide the factual grounds supporting his entitlement to relief; and neither bare legal conclusions nor a formulaic recitation of the elements of a cause of action will suffice in meeting this obligation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

Although this does not require heightened fact pleading of specifics, it does require the complaint to contain enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp.*, 550 U.S. at 570; *Tamayo*, 526 F.3d at 1083 ("[a] plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests,

12

and, through his allegations, show that it is plausible rather than merely speculative, that he is entitled to relief").

In the Complaint, the Prefontaines allege a breach of contract claim. (Filing No. 12 at 2.) In order to demonstrate a valid contract claim under Indiana law there must be an offer, acceptance, consideration, and a meeting of the minds. *See Conwell v. Gray Loon Outdoor Marketing Grp., Inc.*, 906 N.E.2d 805, 812-13 (2009). The Prefontaines' Complaint minimally alleges that, after realizing that they were possible victims of fraud by Green, they demanded repayment of their investment in exchange for not suing Green, constituting an offer. (Filing No. 1-1 at 5.) In an email response, Green promised to pay the Prefontaines $87,500.00, constituting acceptance and a meeting of the minds. (*Id.*) (*See also* Filing No. 13-1 at 3-5.) Thereafter, the Prefontaines refrained from suing Green, constituting consideration. (*Id.*) The Prefontaines have presented enough facts to survive a motion to dismiss for failure to state a plausible claim. Therefore, Green's motion pursuant to Fed. R. Civ. P. 12(b)(6) is **denied**.

In sum, Green has failed to demonstrate that dismissal of the Prefontaines' Complaint is warranted under Fed. R. Civ. P. 12(b)(2); 12(b)(3); 12(b)(5) or 12(b)(6). Accordingly, the Court **denies** Green's motion to dismiss.

E. **28 U.S.C. § 1404(a) Venue Transfer**

In the alternative to dismissal, Green argues that the Court should transfer this case to the Northern District of Georgia, pursuant to 28 U.S.C. § 1404(a). (Filing No. 9 at 16.) 28 U.S.C. § 1404(a) provides, in relevant part, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer a civil action to any other district or division where it might have been brought". 28 U.S.C. § 1404(a)(2012). Transfer of venue is appropriate under § 1404(a) when the moving party establishes that: (1) venue is proper in the transferor district; (2) venue and

jurisdiction are proper in the transferee district; and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interest of justice. *RCA Trademark Mgmt. S.A.S. v. VOXX Int'l Corp.*, No. 1:14-CV-88-TWP, 2014 WL 3818289, at *2 (S.D. Ind. Aug. 4, 2014); *State Farm Mut. Auto. Ins. Co. v. Bussell*, 939 F. Supp. 646, 651 (S.D. Ind. 1996).

Green asserts that she was a resident of Georgia during the events alleged in the Complaint. ([Filing No. 9 at 17](Filing No. 9 at 17).)  Therefore, pursuant to 28 U.S.C 1391(b), which states that a civil action may be brought in a judicial district where any defendant resides, the Northern District of Georgia is a proper venue.  However, that does not end the analysis, as the court must also decide the issue of convenience.

When deciding whether to transfer an action based on convenience, courts consider several factors, including the convenience of the parties; the convenience of the witnesses; the location of material events and material evidence; and the interests of justice. *Collins v. City of Seymour*, No. 1:13-cv-1838-TWP, 2014 WL 279865, at *2 (S.D. Ind. Jan. 24, 2014); *Brotherhood Mut. Ins. Co. v. GuideOne Mut. Ins. Co.*, No. 1:10-CV-462, 2011 WL 1627114, at *2 (N.D. Ind. Apr. 28, 2011). This analysis requires an individualized, case-by-case consideration of convenience and fairness. *RCA Trademark Mgmt. S.A.S.*, 2014 WL 3818289, at *2; *Bussell*, 939 F. Supp. at 651.

The relative weight afforded to each factor is not specified in § 1404(a).  *Bussell*, 939 F. Supp. at 651.  Instead, courts have broad discretion when weighing the factors and deciding whether to grant or deny a motion to transfer under § 1404(a).  *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986) ("[t]he weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge"); *RCA Trademark Mgmt. S.A.S.*, 2014 WL 3818289, at *2.  Nevertheless, courts are to remain mindful of the purpose of § 1404(a) which is "to prevent the waste of time, energy

and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *RCA Trademark Mgmt. S.A.S.*, 2014 WL 3818289, at *2; *Hunter v. Big Rock Transp., Inc.*, No. 1:07-CV-1062-SEB, 2008 WL 1957775, at *1 (S.D. Ind. May 2, 2008).

The party moving for transfer has the burden to establish, by reference to particular circumstances, that the transferee forum is *clearly* more convenient than the transferor forum. *Coffey*, 796 F.2d at 219-20 (emphasis added); *Overton & Sons Tool and Die Co. v. Precision Tool, Die & Machine Co.*, No. 1:13-cv-1302-TWP, 2014 WL 1669863, at *5 (S.D. Ind. Apr. 28, 2014) (J. Pratt). Further, transfer is not justified when doing so would merely shift the inconvenience of the litigation from one party to the other. *GT Performance Group, LLC v. Koyo USA, Corp.*, No. 4:12-cv-83-TWP, 2013 WL 4787329, at *4 (S.D. Ind. Sept. 6, 2013); *Brotherhood Mut. Ins. Co.*, 2011 WL 1627114, at *2.

In the immediate case, Green has failed to *clearly* demonstrate that the Northern District of Georgia is a more convenient forum. To begin, Green claims that the Northern District of Georgia is better equipped to handle the matter because of its familiarity with Georgia law. (Filing No. 9 at 18.) However, this is a breach of contract case based on Green's failure to pay the Prefontaines the promised $87,500.00; and, therefore, Indiana law governs. In addition, Green fails to list specific circumstances that will inconvenience her in having to defend this matter in Indiana. Instead, Green states that her potential witnesses would be inconvenienced but makes no attempt to list specific witnesses in her motion.

In contrast, the Prefontaines are Indiana residents and this forum will clearly provide the most convenient forum for them. Although the Court notes that Green will be somewhat inconvenienced by having to defend this matter in Indiana, the Court does not consider such

inconvenience to be unduly burdensome. Further, a transfer of venue would merely shift the burden from one party to the other.

Accordingly, because Green has failed to demonstrate that the Northern District of Georgia is clearly the more convenient forum, Green's alternative request to transfer pursuant to 28 U.S.C § 1404(a) is **denied**.

### III.  CONCLUSION

For the reasons stated above, Green's Motion to Dismiss or Transfer Venue (Filing No. 8.) is **DENIED**.

**SO ORDERED.**

Date: 8/4/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kent Emswiller
EMSWILLER, WILLIAMS, NOLAND & CLARKE
kemswiller@ewnc-law.com

Simon Kogan
LAW OFFICE OF SIMON KOGAN
simonkogan@koganlaw.net