UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN PREFONTAINE and <br> JILL PREFONTAINE, <br>                 Plaintiffs, <br> vs. <br> ROXANNA GREEN, <br>                 Defendant. | ) <br> ) <br> ) <br> ) <br> )    Case No. 1:16-cv-00091-TWP-DML <br> ) <br> ) <br> ) <br> ) <br> ) |

## Report and Recommendation to Award Sanctions Against Defendant for her Failure to Attend Settlement Conference

The court conducted a settlement conference on November 3, 2016. The parties were required to appear in person and by counsel. Defendant Roxanna Green did not appear at the conference, though her lawyers did. In telephone calls to the court's staff, Ms. Green first stated she was stuck in traffic in Kentucky. Even if that were true, Ms. Green had not left her home that morning in sufficient time to appear by the 9:30 a.m. starting time even if she anticipated no traffic difficulties. Ms. Green was told to continue to drive to the courthouse. Ms. Green later told the court's staff that because the parties had reached an agreement before the settlement conference, she believed her counsel could conduct all settlement communications without her presence. Ms. Green was told to continue to drive to the courthouse. Ms. Green later told the court's staff that she was having car trouble and could not continue on her journey without renting a car. Ms. Green's

counsel then later advised the court that Ms. Green would not be able to come to the courthouse before the close of business. The inherent inconsistencies in Ms. Green's explanations are not lost on the court.

With the court's assistance, the parties reached an agreement to settle the litigation. The court held a hearing on the record to memorialize the agreement.[1] Ms. Green's failure to comply with the court's order requiring her personal appearance at the settlement conference caused significant disruptions in the conduct of the conference. The court issued a show cause order to Ms. Green (Dkt. 41), requiring her to show cause, in writing, by November 25, 2016, why she should not be sanctioned for her failure to appear at the November 3, 2016 settlement conference. Ms. Green did not comply with that order.

The court reasonably infers from Ms. Green's behavior, her statements to the court's staff, and her failure to respond to the show cause order that she had not intended to come to the conference, and that she lied to the court's staff about her travel difficulties. Sanctions are appropriate. The court's inherent power gives it broad authority to protect the integrity of the judicial system and to sanction parties who defy the court's orders. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44-45 (1991). A sanction should be proportional to the abusive conduct. *Allen v. Chicago Transit Auth.,* 317 F.3d 696, 703 (7th Cir. 2003) (sanction under court's inherent power "should be proportioned to the gravity of the offense"). The court concludes

---

[1] The court notes that, according to the plaintiffs' recent filing, Ms. Green breached the settlement agreement. She failed to make the first payment.

that an appropriately proportional sanction is to require Ms. Green to pay for three hours of attorney time at a reasonable hourly rate, representing a portion of the time devoted by the plaintiffs' counsel in preparing for, attending, and participating in the November 3, 2016 settlement conference.  For these purposes and based on the court's knowledge of the Indianapolis market, the court assigns an hourly rate of $275.

A fine payable to the court would also be warranted under these circumstances.  *See Maynard v. Nygren,* 332 F.3d 462, 470 (7th Cir. 2003) ("[T]here is ample case law validating the use of fines, especially where they are 'remedial' and correspond to some real cost (here, the court' time at $500 per hour).")  But the court chooses to focus on resolving this case and on compensation to the plaintiffs.

Ms. Green should be ordered to pay to the plaintiffs the sum of $825.00 as a sanction for her failure to attend the settlement conference.

## Conclusion

The magistrate judge recommends that the district judge impose a sanction against Ms. Green and in favor of the plaintiffs in the amount of $825.00.

Any objections to this Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).  The failure to file objections within fourteen days after service will constitute a waiver of subsequent review absent a showing of good cause for that failure.  The parties should not anticipate any extension of this deadline or any other related briefing deadlines.

IT IS SO RECOMMENDED.

Dated: December 22, 2016

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:
All ECF-registered counsel of record by email through the court's ECF system